```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
 UNITED STATES OF AMERICA            :

        v.                           :    INDICTMENT

 RONALD P. RESCIGNO,                 :    09 Cr.
      a/k/a "Ronald Recigno,"
      a/k/a "Ronald Rescigho,"       :
      a/k/a "Ronald Resciano,"
      a/k/a "Ronald Rescuyno,"       :    09 CRIM 669
      a/k/a "Ronald P. Resgno,"
                                     :
                    Defendant.
                                     :
- - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 01 2009

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about January 2008, in the Southern District of New York and elsewhere, RONALD P. RESCIGNO, a/k/a "Ronald Recigno," a/k/a "Ronald Rescigho," a/k/a "Ronald Resciano," a/k/a "Ronald Rescuyno," the defendant, unlawfully, willfully, and knowingly, did persuade, induce, entice, and coerce an individual to travel in interstate commerce to engage in sexual activity for which a person could be charged with a criminal offense, to wit, RESCIGNO persuaded, induced, and enticed a minor female to travel from Kansas to Manhattan, New York, to engage in sexual acts with RESCIGNO, which sexual acts constituted Rape in the 3rd Degree, in violation of New York Penal Law sections 130.25(2), and Criminal Sexual Acts in 3rd Degree, in violation of New York Penal Law section 130.40(2).

(Title 18, United States Code, Section 2422(a).)

## COUNT TWO

The Grand Jury further charges:

2.   From at least in or about January 2008, in the Southern District of New York and elsewhere, RONALD P. RESCIGNO, a/k/a "Ronald Recigno," a/k/a "Ronald Rescigho," a/k/a "Ronald Resciano," a/k/a "Ronald Rescuyno," the defendant, unlawfully, willfully, and knowingly, using the mail and a facility and means of interstate and foreign commerce, did persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense, to wit, RESCIGNO used his cellular telephone and personal computer to persuade, induce, and entice a minor to engage in sexual acts with him at his residence in Manhattan, New York, which sexual acts constituted Rape in the 3rd Degree, in violation of New York Penal Law sections 130.25(2), and Criminal Sexual Act in 3rd Degree, in violation of New York Penal Law section 130.40(2).

(Title 18, United States Code, Section 2422(b).)

## COUNT THREE

The Grand Jury further charges:

3.   In or about January 2008, in the Southern District of New York and elsewhere, RONALD P. RESCIGNO, a/k/a "Ronald Recigno," a/k/a "Ronald Rescigho," a/k/a "Ronald Resciano," a/k/a

"Ronald Rescuyno," the defendant, unlawfully, willfully, and knowingly, did transport an individual who had not attained the age of 18 years in interstate commerce with intent that the individual engage in sexual activity for which a person could be charged with a criminal offense, to wit, RESCIGNO purchased a train ticket that a minor female used to travel from Kansas to Manhattan with the intent that the minor would engage in sexual acts with RESCIGNO, which sexual acts constituted Rape in the 3rd Degree, in violation of New York Penal Law sections 130.25(2), and Criminal Sexual Act in 3rd Degree, in violation of New York Penal Law section 130.40(2).

(Title 18, United States Code, Sections 2423(a) and 2.)


COUNT FOUR

The Grand Jury further charges:

4.   From at least in or about January 2008, in the Southern District of New York and elsewhere, RONALD P. RESCIGNO, a/k/a "Ronald Recigno," a/k/a "Ronald Rescigho," a/k/a "Ronald Resciano," a/k/a "Ronald Rescuyno," the defendant, unlawfully, willfully, and knowingly, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting commerce,

and such visual depiction being produced and transmitted using materials that had been mailed, shipped, and transported in interstate and foreign commerce, including by computer, and such visual depiction having actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting commerce, to wit, RESCIGNO used his cellular telephone and personal computer connected to the Internet to persuade, induce, and entice a minor female in Kansas to photograph herself engaging in sexually explicit conduct and to email those images to RESCIGNO in Manhattan, New York.

(Title 18, United States Code, Section 2251(a).)

## COUNT FIVE

The Grand Jury further charges:

5.   In or about January 2008, in the Southern District of New York and elsewhere, RONALD P. RESCIGNO, a/k/a "Ronald Recigno," a/k/a "Ronald Rescigho," a/k/a "Ronald Resciano," a/k/a "Ronald Rescuyno," the defendant, unlawfully, willfully, and knowingly, did receive child pornography that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by

computer, to wit, RESCIGNO received images of child pornography on his personal computer in Manhattan.

(Title 18, United States Code, Section 2252A(a)(2).)


_____
FOREPERSON

_____
LEV L. DASSIN
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

RONALD P. RESCIGNO,
a/k/a "Ronald Recigno,"
a/k/a "Ronald Rescigho,"
a/k/a "Ronald Resciano,"
a/k/a "Ronald Rescuyno,"
a/k/a "Ronald P. Resgno,"

Defendant.

---

<u>INDICTMENT</u>

09 Cr.

(18 U.S.C. §§ 2422(a), 2422(b), 2423(b),
2251(a), 2252A(a)(2), and 2.)

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

*Randi Wershba*
                                                     Foreperson.

07/01/09 — INDICTMENT FILED, CASE ASSIGNED TO USDJ JGK. FOX, M.J.