

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2017

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1030
New York, New York 10007

Re: <u>United States v. Ronald Rescigno,</u>
    09 Cr. 669 (JGK)

Dear Judge Koeltl,

The Government respectfully submits this letter in response to the Court's order dated September 7, 2017, concerning the defendant's request for early termination of his supervised release. For the reasons set forth below, the Government and the United States Probation Office ("USPO") object to the request.

By way of background, Rescigno pleaded guilty on December 2, 2009[1] to one count of receiving images of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). The charge arose out of Rescigno's relationship with a then-15-year-old girl (the "Victim"), whom Rescigno met online in approximately 2007, when he was 48 years old and working as a youth drug counsellor. (*See* Presentence Investigation Report ("PSR") ¶¶ 14, 101). Rescigno communicated with the Victim in numerous emails, text messages, and phone calls—some lasting hours—cultivating the Victim and ultimately inducing her to send Rescigno several graphic, sexually explicit photographs of herself. (PSR ¶¶ 18-21; ¶¶ 16-18). Rescigno, in turn, emailed the Victim an image of an erect penis, presumably his own. (PSR ¶ 17). In January 2008, Rescigno ultimately induced the Victim to run away from her home, travel to New York using a train ticket that Rescigno bought for her, and meet with Rescigno in his apartment, where they had sex. (PSR ¶¶ 10-11, 15). Rescigno called the Victim's parents and told them he intended to file for guardianship of the Victim. (PSR ¶¶ 12).

Officers with the New York City Police Department, based on a request from local law enforcement in the Victim's hometown, went to Rescigno's apartment and rescued the Victim. (PSR ¶ 14). Rescigno continued communicating with the Victim by text message, and among other things attempted to induce the Victim to lie to law enforcement by claiming that she and Rescigno had not had sex and that Rescigno believed the Victim was eighteen. (PSR ¶¶ 23). Rescigno ultimately pleaded guilty to two counts of rape in the third degree in New York County

---

[1] Trial was scheduled to commence on December 7, 2009.

Supreme Court, for which he was sentenced to two years' imprisonment, of which he served approximately sixteen months. (PSR ¶¶ 24, 77). In his plea proceedings, Rescigno falsely claimed that he did not know the Victim was 15 at the time he had sex with her. (PSR ¶ 79). In the course of sentencing proceedings in this matter, Rescigno also attempted to "minimiz[e] [his] conduct over the course of the offense, while shifting the blame to the 15-year-old victim and her parents." (PSR at 22).

In addition to his convictions related to the underlying offense, Rescigno has a criminal history dating back to 1975, especially of a string of larcenies, car thefts, and drug-related offenses between 1992 and 1995 highlighted by his stealing a cab at gunpoint in 1993.

Following Rescigno's December 2, 2009, guilty plea in this matter, he was sentenced on September 9, 2010, to 63 months' imprisonment to be followed by a term of supervised release of eight years. (Dkt. entry no. 35 (Judgment)). Among the terms of his supervised release were the conditions that the defendant participate in a sex offender treatment and/or mental health treatment program approved by the Probation Department. (*Id.* at 4). According to Bureau of Prisons records, Rescigno was released on January 13, 2014. Accordingly, he has been on supervision for approximately three years and nine months of his eight-year term of supervision. His term of supervised release will terminate on January 12, 2022.

In consulting with USPO, the Government has been advised that USPO opposes the request for early termination for two reasons. First, USPO generally opposes early termination for sex offenders. Second, according to information provided by Rescigno's treating therapist to USPO, while Rescigno generally has been compliant with his treatment program, his therapist believes that he could demonstrate further progress from continued treatment in the areas of impulsivity, planning, and relationship stability.

The Government also opposes the request for early termination. First, the defendant has completed less than half of his term of supervised release. Second, the circumstances of his offense show that there is a strong need for supervision both for rehabilitative purposes and to protect the community. Rescigno used the internet, email, and text messages to meet, manipulate, and cultivate a 15-year-old girl half a continent away. Within a matter of mere weeks, he was able to induce the Victim to send him approximately 20 nude, sexually suggestive or sexually explicit images of herself, including several that were extremely graphic. Not only this, Rescigno was able to induce the Victim to run away from her home and travel across the country, alone, for the purpose of having sex with her. After the offense was uncovered, Rescigno attempted to continue to manipulate the Victim into covering for him, and made misrepresentations under oath in an effort to minimize his responsibility. Third, despite Rescigno's completion of a portion of his term of supervised release, he would continue to benefit from continued therapy services to address some issues that appear relevant to his commission of the underlying offense.

For the foregoing reasons, the Government and the USPO oppose the request for early termination of supervised release.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

by:    */s/ Michael D. Lockard*
Michael D. Lockard
Assistant United States Attorney
(212) 637-2193