USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 11-29-17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- against -

**RONALD RESCIGNO,**

Defendant.

---

09 Cr. 669 (JGK)

ORDER

**JOHN G. KOELTL, District Judge:**

The defendant moves for an early termination of supervised release. The Court originally sentenced the defendant principally to sixty three months' imprisonment and eight years' supervised release. The defendant has now served about half of his term of supervised release. He urges the Court to grant early termination of supervised release because he has successfully complied with all of the terms of his supervised release, including attendance at all required programs.

The Government and the Probation Department oppose early termination on the grounds that the nature of the original offense makes continued supervision appropriate. Moreover, the defendant's therapist believes that the defendant could benefit from continuing treatment.

It is clear that the Court has the discretion to terminate the defendant's term of supervised release at this point. See 18 U.S.C. § 3583(e)(1) (providing that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice"); United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997) (providing that a court must consider "the factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)" in deciding whether to terminate or modify supervised release).

In this case, while the defendant has been diligent in complying with the conditions of supervised release and plainly has made progress in ensuring that he will not engage in an offense similar to the original offense of conviction, the defendant can continue to benefit from the conditions of supervised release. Moreover, a further term of supervised release would further the goals of deterrence and protection of the public, which are important in connection with an offense such as the defendant's offense of conviction. The Court recognized the importance of a substantial term of supervised release at the time of sentence. The offense of conviction carried a mandatory minimum of five years' supervised release and a maximum of lifetime supervised release. Having considered all of the material submitted in connection with sentencing, the Court determined that an eight-year term of supervised release was appropriate. The defendant has only served about half of that term, and the Court continues to believe that further

supervision would fulfill all of the relevant goals of sentencing.

There is one part of the defendant's application that is troubling. The defendant suggests that he was unable to enroll in classes at the Brooklyn Educational Opportunity Center because they conflicted with one of his post-release programs, and that as a consequence his employment opportunities have been limited. The Probation Department is generally very flexible and amenable to working with supervised releasees to assure that they can take advantage of opportunities to improve their employment prospects. If the parties are unable to work out any differences, the parties could bring any such dispute to the Court's attention. It is in the interest of all concerned to assure that the defendant can maximize his employment opportunities.

The defendant's request for an early termination of his supervised release is denied without prejudice to his renewal of the application in the future.

**SO ORDERED.**

**Dated:** New York, New York
November 28, 2017

John G. Koeltl
United States District Judge